CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JUAN PIMENTAL, on behalf of himself and others similarly situated,

       Plaintiff,

 -against-

PAX VENTURES, LLC, BORDEN KITCHEN, LLC, 740 ROAST CORP., ALEXANDER XENOPOULOS, and PETER XENOPOULOS,

       Defendants.
------------------------------------------------------------------X

Case No. 19-CV-1846

FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT

**Jury Trial Demanded**

Plaintiff, JUAN PIMENTAL (hereinafter, "Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants PAX VENTURES, LLC, BORDEN KITCHEN, LLC, 740 ROAST CORP. (collectively, the "Corporate Defendants"), ALEXANDER XENOPOULOS, and PETER XENOPOULOS (collectively, the "Individual Defendants") (the Corporate Defendants and the Individual Defendants are collectively referred to as the "Defendants"), and states as follows:

## INTRODUCTION

1.  Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants:

(a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, his is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) unpaid "spread of hours" premiums for each day that his work shift exceeded ten (10) hours, (c) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Suffolk County, New York.

6. Defendant, PAX VENTURES, LLC, was a domestic limited liability company organized under the laws of the State of New York with a principle place of business at 520 Eighth Avenue, Suite 2203, New York, New York 10018.

7. Defendant, PAX VENTURES, LLC, was the umbrella company for New York City-based fast casual food chains Pax Wholesome Foods, Café Europa, and Roast Kitchen.

8. Defendant, PAX VENTURES, LLC, owned and operated a restaurant doing business as Pax Wholesome Foods located at 80 West 40th Street, New York, New York 10018 ("Pax Wholesome Foods").

9. Defendant, PAX VENTURES, LLC, ceased operations and closed Pax Wholesome Foods in or about September 2018.

10. Upon information and belief, Defendant PAX VENTURES, LLC was dissolved on or about February 22, 2019.

11. Defendant, 740 ROAST CORP., is a domestic business corporation organized under the laws of the State of New York, which has a principle place of business at 58 East 56th Street, New York, New York, New York 10022.

12. Defendant, 740 ROAST CORP., owns and operates a restaurant doing business as Roast Kitchen located at 58 East 56th Street, New York, New York, New York 10022 ("Roast Kitchen").

13. Defendant, BORDEN KITCHEN, LLC, is a domestic limited liability company organized under the laws of the State of New York, which has a principle place of business at 11-24 Borden Avenue, Long Island City, New York 11101.

14. Defendant, BORDEN KITCHEN, owns and operates a commissary where all food items for sale at all New York City-based Pax Wholesome Foods and Roast Kitchen restaurants are cooked and prepared.[1]

15. Defendant, ALEXANDER XENOPOULOS, is the Chief Executive Officer, member, partner, shareholder, director, supervisor, managing agent, and/or proprietor of each of the Corporate Defendants, who actively participated in the day-to-day operations of the Restaurants and acted intentionally and maliciously and is an

---

[1] Pax Wholesome Foods, Roast Kitchen, and Borden Kitchen are collectively referred to herein as the "Restaurants."

employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

16. Defendant, PETER XENOPOULOS, is an officer, member, partner, owner, shareholder, director, supervisor, managing agent, and/or proprietor of each of the Corporate Defendants, who actively participates in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

17. The Individual Defendants exercise control over the terms and conditions of their employees' employment in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

18. During the relevant period alleged herein, the Individual Defendants were present on the premises of the Restaurants on a daily basis, actively supervised the work of the employees, and mandated that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by them.

19. Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations contained herein, each of the Corporate Defendants – either individually or jointly, were and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that

handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

20. Defendants employed Plaintiff from in or about 1989 until on or about January 17, 2019 to work as a non-exempt food preparer/kitchen and cook at the Restaurants.

21. The work performed by Plaintiff was directly essential to the businesses operated by Defendants.

22. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

23. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premiums in direct contravention of the New York Labor Law.

24. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

25. The Individual Defendants actively participate in the day-to-day operation of the Restaurants. For instance, the Individual Defendants personally supervise and direct the work of the employees, instruct the employees how to perform their jobs, and correct the employees for errors made.

26. The Individual Defendants create and implement all crucial business policies at the Restaurants, and make decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

27. The Corporate Defendants are associated as a single enterprise, utilizing Plaintiff and other similarly situated employees in a fungible and interchangeable manner as workers in the businesses operated by the Defendants.

28. The Corporate Defendants each engaged in related activities, namely, providing restaurant services to the general public for profit. The Corporate Defendants shared Plaintiff and other similarly situated employees, acted in the interest of each other with respect to employees, paid their employees by the same plan or scheme, and were under common control.

29. The Corporate Defendants were controlled by the same owner or owner group, operating as a unified operation and, upon information and belief, each provided mutually supportive services to the substantial advantage of the other such that each entity was operationally interdependent of each other and, therefore, may be treated as a single enterprise.

30. In or about 1989, Defendants hired Plaintiff to work as a non-exempt cook at Pax Wholesome Foods.

31. Neither at the time of his hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate of pay and his corresponding overtime rate of pay.

32. Sometime in or about September 2018, Defendants discontinued operating Pax Wholesome Foods and shut down the restaurant.

33. At the time Defendants closed Pax Wholesome Foods, they transferred Plaintiff to work at Roast Kitchen for one (1) week in September 2018.

34. Thereafter, Defendants transferred Plaintiff to work as a kitchen helper/food preparer at Borden Kitchen.

35. Plaintiff continued to work at Borden Kitchen from in or about September 2018 until on or about January 17, 2019.

36. From the beginning of the relevant six (6) year limitations period in February 2013 and continuing through the remainder of his employment on or about January 17, 2019, Plaintiff worked six (6) days per week, and his work scheduled consisted of ten (10) hours per day Monday through Friday from 4:00 a.m. until 2:00 p.m.; and six (6) hours on Saturday from 4:00 a.m. until 10:00 a.m.

37. Plaintiff's work shift occasionally exceeded ten (10) hours.

38. From the beginning of the relevant six (6) year limitations period in February 2013 and continuing through the remainder of his employment on or about January 17, 2019, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $975 per week straight time for all hours worked, and worked fifty-six (56) hours per week (and sometimes in excess thereof). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

39. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

40. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premiums for each day that their work shift exceeded ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

41. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt "back of the house" employees who have been or were employed by Defendants since February 27, 2016 through the end of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

43. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

44. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

45. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

46. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

47. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d.    Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    e.    Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

    f.    Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

48. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

49. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

50. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

51. Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since February 27, 2013 (the "Class Period") who were non-exempt "back of the house" employees and who have not been paid statutory overtime compensation or "spread of hours" premiums in violation of the New York Labor Law (the "Class").

52. Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of

that number may be ascertained are presently within the sole control of Defendants, the Class consists of all non-managerial current and former "back of the house" employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

53. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

54. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

55. Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

56. Plaintiff will fairly and adequately protect the interests of the NY Class members. Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

57. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members. Plaintiff understands that in order to provide adequate

representation, he must remain informed of litigation developments and that he may be called upon to testify in depositions and at trial.

58. Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

59. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a.    Whether Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

    b.    Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Class members;

    c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d.    Whether Defendants failed to pay Plaintiff and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

    e.    Whether Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

    f.    Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory

damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

60. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "59" of this Complaint as if fully set forth herein.

61. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

62. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

63. Upon information and belief, during each of the three (3) most recent years relevant to the allegations herein, the Corporate Defendants each individually had gross revenues in excess of $500,000.

64. Upon information and belief, during each of the three (3) most recent years relevant to the allegations herein, the Corporate Defendants jointly had gross revenues in excess of $500,000.

65. Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

66. Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

67. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

68. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

69. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 et seq., including 29 U.S.C. §§ 211(c) and 215(a).

70. Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

71. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

72. Due to the reckless, willful and unlawful acts of Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

73. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

74. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "73" of this Complaint as if fully set forth herein.

75. Defendants employed Plaintiff and the Class members within the meaning of New York Labor Law §§ 2 and 651.

76. Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay them overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

77. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

78. Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay "spread of hour" premiums to Plaintiff and the Class

members for each day their work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

79. Defendants failed to properly disclose or apprise Plaintiff and the Class members of their rights under the New York Labor Law.

80. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

81. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

82. Neither at the time of their hiring, nor anytime thereafter, did Defendants notify Plaintiff and the Class members in writing of their regular and overtime rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

83. Due to the Defendants' New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendants their unpaid overtime compensation, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

84. Plaintiff and the Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory and liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff JUAN PIMENTAL, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

(a) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hour" premiums due under the New York Labor Law;

(c) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e) An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(h) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
February 27, 2019

                                      Respectfully submitted,

                                      CILENTI & COOPER, PLLC
                                      *Attorneys for Plaintiff*
                                      708 Third Avenue – 6th Floor
                                      New York, NY 10017
                                      T. (212) 209-3933
                                      F. (212) 209-7102

                              By: _____
                                    Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Juan Pimentel__, am an employee currently or formerly employed by __Pax__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__1/29__, 2019

__Juan Pimentel__